FILED BY ᴍᴍʟ D.C.

NOV 30 2022

ANGELA E. NOBLE
CLERK U.S. DIST. CT.
S. D. OF FLA. - MIAMI

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 22-CR-20488-MARTINEZ(s)
18 U.S.C. § 924(c)(1)(A)(i)
18 U.S.C. § 1201(c)
18 U.S.C. § 1201(a)(1)
18 U.S.C. § 2261A(1)(A)
18 U.S.C. § 981(a)(1)(C)
18 U.S.C. § 924(d)(1)

UNITED STATES OF AMERICA

v.

MOHAMMAD AHMED KHAN,
CHRISTOPHER ALAN BAIRD,
JOE NATHAN HIGHTOWER,
LUU NGUYEN DIEU HONG,
JOSEPH CHRISTOPHER RICARD, and
TRANG NGUYEN,

    Defendants.
_____/

## SUPERSEDING INDICTMENT

The Grand Jury charges:

### COUNT 1
**Conspiracy to Kidnap**
18 U.S.C. § 1201(c)

From on or about September 21, 2022, through on or about September 23, 2022, in Miami-Dade County, in the Southern District of Florida, and elsewhere, the defendants,

MOHAMMAD AHMED KHAN,
CHRISTOPHER ALAN BAIRD,
JOE NATHAN HIGHTOWER,
LUU NGUYEN DIEU HONG,
JOSEPH CHRISTOPHER RICARD, and
TRANG NGUYEN,

did knowingly and willfully combine, conspire, confederate, and agree with others known and unknown to the Grand Jury, to commit an offense against the United States, that is, to unlawfully seize, confine, inveigle, decoy, kidnap, abduct, and carry away and hold a person, that is, Victim 1, Victim 2, Victim 3, and Victim 4, for ransom and reward and otherwise, and did use a means, facility, and instrumentality of interstate commerce in committing and in furtherance of the commission of this offense, in violation of Title 18, United States Code, Sections 1201(a)(1).

## OBJECT OF THE CONSPIRACY

It was the purpose and object of the conspiracy for the conspirators to unlawfully enrich themselves by seizing, confining, inveigling, decoying, kidnapping, abducting, and carrying away Victim 1, Victim 2, Victim 3, and Victim 4 until members of the conspiracy obtained cash from Victim 4.

## OVERT ACTS

In furtherance of the conspiracy, and to accomplish its purpose, at least one of the conspirators committed and caused to be committed, in the Southern District of Florida, at least one of the following overt acts, among others:

1. On or about September 21, 2022, **CHRISTOPHER ALAN BAIRD and LUU NGUYEN DIEU HONG** traveled from Phoenix, Arizona to Miami, Florida.

2. On or about September 21, 2022, **JOSEPH CHRISTOPHER RICARD and TRANG NGUYEN** traveled from San Francisco, California to Miami, Florida.

3. On or about September 21, 2022, **JOSEPH CHRISTOPHER RICARD** rented two hotel rooms at a hotel in Miami-Dade County, Florida.

4. On or about September 21, 2022, **TRANG NGUYEN** rented a car from a Miami-Dade County business.

2

5. On or about September 21, 2022, **CHRISTOPHER ALAN BAIRD** rented a car from a Miami-Dade County business.

6. On or about September 21, 2022, **JOSEPH CHRISTOPHER RICARD** used a cellular telephone to request the assistance of two armed guards, including **MOHAMMAD AHMED KHAN,** on September 22, 2022.

7. On or about September 22, 2022, **MOHAMMAD AHMED KHAN, CHRISTOPHER ALAN BAIRD, JOE NATHAN HIGHTOWER, LUU NGUYEN DIEU HONG, JOSEPH CHRISTOPHER RICARD, and TRANG NGUYEN** entered a residence in Miami-Dade County.

8. On or about September 22, 2022, **MOHAMMAD AHMED KHAN, CHRISTOPHER ALAN BAIRD, JOE NATHAN HIGHTOWER, LUU NGUYEN DIEU HONG, JOSEPH CHRISTOPHER RICARD, and TRANG NGUYEN** took Victim 1, Victim 2, and Victim 3 from a residence in Miami-Dade County.

9. On or about September 22, 2022, **TRANG NGUYEN** drove Victim 1, Victim 2, and Victim 3 to various holding locations in Miami-Dade County while demands were made for money in exchange for their release.

10. On or about September 22, 2022, **MOHAMMAD AHMED KHAN** and other conspirators possessed firearms while they took Victim 1, Victim 2, and Victim 3 from a residence in Miami-Dade County.

11. On or about September 22, 2022, **MOHAMMAD AHMED KHAN, CHRISTOPHER ALAN BAIRD, JOSEPH CHRISTOPHER RICARD, and TRANG NGUYEN** took Victim 4 from a Domino's in Miami-Dade County.

12. On or about September 22, 2022, **MOHAMMAD AHMED KHAN** and other conspirators possessed firearms when they took Victim 4 from a Domino's in Miami-Dade County.

13. On or about September 22, 2022, **MOHAMMAD AHMED KHAN** drove Victim 4 to a location where other conspirators interrogated Victim 4 in order to obtain cash from Victim 4.

14. On or about September 22, 2022, **MOHAMMAD AHMED KHAN** reviewed Victim 4's phone for banking information in an effort to obtain cash from Victim 4.

15. On or about September 22, 2022, **MOHAMMAD AHMED KHAN** directed Victim 4 to provide her bank account information to other conspirators in an effort to obtain cash from Victim 4.

16. On or about September 22, 2022, **JOE NATHAN HIGHTOWER** told Victim 4 to give the other conspirators money.

17. On or about September 22, 2022, **JOSEPH CHRISTOPHER RICARD** used a cellular telephone to photograph Victim 1, Victim 2, Victim 3, and Victim 4.

18. On or about September 22, 2022, **JOSEPH CHRISTOPHER RICARD** used a cellular telephone to send pictures of Victim 1, Victim 2, Victim 3, and Victim 4 to Victim 4's husband in an effort to demand money in exchange for their release.

19. On or about September 22, 2022, **JOSEPH CHRISTOPHER RICARD, TRANG NGUYEN, and LUU NGUYEN DIEU HONG** attempted to access Victim 4's former bank account in an effort to obtain cash from Victim 4.

20. On or about September 22, 2022, **JOSEPH CHRISTOPHER RICARD** threatened to kill Victim 2, Victim 3, and Victim 4 in order to obtain cash from Victim 4.

4

## COUNT 2
### Kidnapping
### 18 U.S.C. § 1201(a)(1)

From on or about September 21, 2022, through on or about September 23, 2022, in Miami-Dade County, in the Southern District of Florida, and elsewhere, the defendants,

**MOHAMMAD AHMED KHAN,
CHRISTOPHER ALAN BAIRD,
JOE NATHAN HIGHTOWER,
LUU NGUYEN DIEU HONG,
JOSEPH CHRISTOPHER RICARD, and
TRANG NGUYEN,**

did willfully and unlawfully seize, confine, inveigle, decoy, kidnap, abduct, and carry away and hold a person, that is, Victim 1, for ransom and reward and otherwise, and did use a means, facility, and instrumentality of interstate commerce in committing and in furtherance of the commission of this offense, in violation of Title 18, United States Code, Sections 1201(a)(1) and 2.

## COUNT 3
### Kidnapping
### 18 U.S.C. § 1201(a)(1)

From on or about September 21, 2022, through on or about September 23, 2022, in Miami-Dade County, in the Southern District of Florida, and elsewhere, the defendants,

**MOHAMMAD AHMED KHAN,
CHRISTOPHER ALAN BAIRD,
JOE NATHAN HIGHTOWER,
LUU NGUYEN DIEU HONG,
JOSEPH CHRISTOPHER RICARD, and
TRANG NGUYEN,**

did willfully and unlawfully seize, confine, inveigle, decoy, kidnap, abduct, and carry away and hold a person, that is, Victim 2, for ransom and reward and otherwise, and did use a means, facility, and instrumentality of interstate commerce in committing and in furtherance of the commission of this offense, in violation of Title 18, United States Code, Sections 1201(a)(1) and 2.

## COUNT 4
### Kidnapping
### 18 U.S.C. § 1201(a)(1)

From on or about September 21, 2022, through on or about September 23, 2022, in Miami-Dade County, in the Southern District of Florida, and elsewhere, the defendants,

**MOHAMMAD AHMED KHAN,
CHRISTOPHER ALAN BAIRD,
JOE NATHAN HIGHTOWER,
LUU NGUYEN DIEU HONG,
JOSEPH CHRISTOPHER RICARD, and
TRANG NGUYEN,**

did willfully and unlawfully seize, confine, inveigle, decoy, kidnap, abduct, and carry away and hold a person, that is, Victim 3, for ransom and reward and otherwise, and did use a means, facility, and instrumentality of interstate commerce in committing and in furtherance of the commission of this offense, in violation of Title 18, United States Code, Sections 1201(a)(1) and 2.

## COUNT 5
### Kidnapping
### 18 U.S.C. § 1201(a)(1)

From on or about September 21, 2022, through on or about September 23, 2022, in Miami-Dade County, in the Southern District of Florida, and elsewhere, the defendants,

**MOHAMMAD AHMED KHAN,
CHRISTOPHER ALAN BAIRD,
JOE NATHAN HIGHTOWER,
LUU NGUYEN DIEU HONG,
JOSEPH CHRISTOPHER RICARD, and
TRANG NGUYEN,**

did willfully and unlawfully seize, confine, inveigle, decoy, kidnap, abduct, and carry away and hold a person, that is, Victim 4, for ransom and reward and otherwise, and did use a means, facility, and instrumentality of interstate commerce in committing and in furtherance of the commission of this offense, in violation of Title 18, United States Code, Sections 1201(a)(1) and 2.

## COUNT 6
### Stalking
### 18 U.S.C. § 2261A(1)(A)

From on or about September 21, 2022, through on or about September 23, 2022, in Miami-Dade County, in the Southern District of Florida, and elsewhere, the defendants,

**CHRISTOPHER ALAN BAIRD,
LUU NGUYEN DIEU HONG,
JOSEPH CHRISTOPHER RICARD, and
TRANG NGUYEN,**

did, with the intent to harass and intimidate another person, that is, Victim 4, travel in interstate commerce, and in the course of, and as a result of, such travel engage in conduct that placed Victim 4 in reasonable fear of death or serious bodily injury to Victim 4 and an immediate family member of Victim 4, all in violation of Title 18, United States Code, Sections 2261A(1)(A) and 2.

Pursuant to Title 18, United States Code, Section 2261(b)(3), it is further alleged that the defendants used a dangerous weapon during the offense.

## COUNT 7
### Possession of a Firearm in Furtherance of a Crime of Violence
### 18 U.S.C. § 924(c)(1)(A)(i)

On or about September 23, 2022, in Miami-Dade County, in the Southern District of Florida, and elsewhere, the defendants,

**CHRISTOPHER ALAN BAIRD,
LUU NGUYEN DIEU HONG,
JOSEPH CHRISTOPHER RICARD, and
TRANG NGUYEN,**

did knowingly use and carry a firearm during and in relation to a crime of violence, and did knowingly possess a firearm in furtherance of a crime of violence, an offense for which the defendants may be prosecuted in a court of the United States, that is, a violation of Title 18, United

States Code, Section 2261A(1)(A), as charged in Count 6 of this Superseding Indictment, in violation of Title 18, United States Code, Sections 924(c)(1)(A)(i) and 2.

## FORFEITURE ALLEGATIONS

1.  The allegations of this Superseding Indictment are hereby re-alleged and by this reference fully incorporated herein for the purpose of alleging forfeiture to the United States of America of certain property in which the defendants, **MOHAMMAD AHMED KHAN, CHRISTOPHER ALAN BAIRD, JOE NATHAN HIGHTOWER, LUU NGUYEN DIEU HONG, JOSEPH CHRISTOPHER RICARD, and TRANG NGUYEN**, have an interest.

2.  Upon conviction of a violation of, or conspiracy to commit a violation of, Title 18, United States Code, Section 1201, as alleged in this Superseding Indictment, the defendant shall forfeit to the United States any property, real or personal, which constitutes or is derived from proceeds traceable to such offense, pursuant to Title 18, United States Code, Section 981(a)(1)(C).

3.  Upon conviction of a violation of Title 18, United States Code, Section 924(c), or any other criminal law of the United States, as alleged in this Superseding Indictment, the defendant shall forfeit to the United States any firearm and ammunition involved in or used in the commission of such offense, pursuant to Title 18, United States Code, Section 924(d)(1).

All pursuant to Title 18, United States Code Sections 924(d)(1) and 981(a)(1)(C), and the

procedures set forth in Title 21, United States Code, Section 853, as incorporated by Title 28, United States Code, Section 2461(c).

A TRUE BILL

███████████

FOREPERSON

*[signature]*

JUAN ANTONIO GONZALEZ
UNITED STATES ATTORNEY

*[signature]*

MONICA K. CASTRO
ASSISTANT UNITED STATES ATTORNEY

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

| UNITED STATES OF AMERICA | CASE NO. 22-CR-20488-MARTINEZ(s) |
|---|---|
| v. | |
| MOHAMMAD AHMED KHAN, et al | **CERTIFICATE OF TRIAL ATTORNEY\*** |
| Defendants. / | **Superseding Case Information:** |

**Court Division:** (Select One)
☑ Miami ☐ Key West ☐ FTL
☐ WPB ☐ FTP

New defendant(s)  ☑ Yes  ☐ No
Number of new defendants  5
Total number of counts  7

1. I have carefully considered the allegations of the indictment, the number of defendants, the number of probable witnesses and the legal complexities of the Indictment/Information attached hereto.
2. I am aware that the information supplied on this statement will be relied upon by the Judges of this Court in setting their calendars and scheduling criminal trials under the mandate of the Speedy Trial Act, Title 28 U.S.C. Section 3161.
3. Interpreter: (Yes or No)  Yes
   List language and/or dialect  Vietnamese (Hong)
4. This case will take  10-15  days for the parties to try.
5. Please check appropriate category and type of offense listed below:

   (Check only one)
   I    0 to 5 days       ☐
   II   6 to 10 days      ☐
   III  11 to 20 days     ☑
   IV   21 to 60 days     ☐
   V    61 days and over  ☐

   (Check only one)
   Petty        ☐
   Minor        ☐
   Misdemeanor  ☐
   Felony       ☑

6. Has this case previously been filed in this District Court? (Yes or No)  Yes
   If yes: Judge  Jose E. Martinez   Case No.  22-CR-20488-MARTINEZ(s)
   (Attach copy of dispositive order)
   Has a complaint been filed in this matter? (Yes or No)  Yes
   If yes: Magistrate Case No.  22-mj-03960-DAMIAN
   Related miscellaneous numbers: _____
   Defendant(s) in federal custody as of  Hightower (11/18/22) Nguyen and Ricard (11/18/22) Baird and Hong 11/20/22
   Defendant(s) in state custody as of  _____
   Rule 20 from the District of  _____
   Is this a potential death penalty case? (Yes or No)  No

7. Does this case originate from a matter pending in the Central Region of the U.S. Attorney's Office prior to August 9, 2013 (Mag. Judge Alicia O. Valle)? (Yes or No)  No
8. Does this case originate from a matter pending in the Northern Region of the U.S. Attorney's Office prior to August 8, 2014 (Mag. Judge Shaniek Maynard)? (Yes or No)  No
9. Does this case originate from a matter pending in the Central Region of the U.S. Attorney's Office prior to October 3, 2019 (Mag. Judge Jared Strauss)? (Yes or No)  No

_____
Monica K. Castro
Assistant United States Attorney
Court ID No.    A5502776

\*Penalty Sheet(s) attached                                                                  REV 3/19/21

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

PENALTY SHEET

**Defendant's Name:** Mohammad Ahmed Khan

**Case No:** 22-CR-20488-MARTINEZ(s)

Count #1:

Conspiracy to Kidnap

Title 18, United States Code, Section 1201(c)

* **Max. Term of Imprisonment:** Life
* **Max. Supervised Release:** 5 years
* **Max. Fine:** $250,000

Counts #2 through #5:

Kidnapping

Title 18, United States Code, Section 1201(a)(1)

* **Max. Term of Imprisonment:** Life
* **Max. Supervised Release:** 5 years
* **Max. Fine:** $250,000

*Refers only to possible term of incarceration, supervised release and fines. It does not include restitution, special assessments, parole terms, or forfeitures that may be applicable.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

PENALTY SHEET

Defendant's Name: **Christopher Alan Baird**

Case No: **22-CR-20488-MARTINEZ(s)**

Count #1:

Conspiracy to Kidnap

Title 18, United States Code, Section 1201(c)

* **Max. Term of Imprisonment:** Life
* **Max. Supervised Release:** 5 years
* **Max. Fine:** $250,000

Counts #2 through #5:

Kidnapping

Title 18, United States Code, Section 1201(a)(1)

* **Max. Term of Imprisonment:** Life
* **Max. Supervised Release:** 5 years
* **Max. Fine:** $250,000

Count #6:

Stalking

Title 18, United States Code, Section 2261A(1)(A)

* **Max. Term of Imprisonment:** 5 years
* **Max. Supervised Release:** 3 years
* **Max. Fine:** $250,000

[This Space Intentionally Left Blank]

Defendant's Name: <u>Christopher Alan Baird</u>

Case No: <u>22-CR-20488-MARTINEZ(s)</u>

Count #7:

<u>Possession of a Firearm in Furtherance of a Crime of Violence</u>

<u>Title 18, United States Code, Section 924(c)(1)(A)(i)</u>

* **Min. Term of Imprisonment:** 5 years
* **Max. Term of Imprisonment:** Life
* **Max. Supervised Release:** 5 years
* **Max. Fine:** $250,000

\*Refers only to possible term of incarceration, supervised release and fines. It does not include restitution, special assessments, parole terms, or forfeitures that may be applicable.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

## PENALTY SHEET

**Defendant's Name:** Joseph Hightower

**Case No:** 22-CR-20488-MARTINEZ(s)

Count #1:

Conspiracy to Kidnap

Title 18, United States Code, Section 1201(c)

* **Max. Term of Imprisonment:** Life
* **Max. Supervised Release:** 5 years
* **Max. Fine:** $250,000

Counts #2 through #5:

Kidnapping

Title 18, United States Code, Section 1201(a)(1)

* **Max. Term of Imprisonment:** Life
* **Max. Supervised Release:** 5 years
* **Max. Fine:** $250,000

*Refers only to possible term of incarceration, supervised release and fines. It does not include restitution, special assessments, parole terms, or forfeitures that may be applicable.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

**PENALTY SHEET**

**Defendant's Name:** Luu Nguyen Dieu Hong

**Case No:** 22-CR-20488-MARTINEZ(s)

Count #1:

Conspiracy to Kidnap

Title 18, United States Code, Section 1201(c)

* **Max. Term of Imprisonment:** Life
* **Max. Supervised Release:** 5 years
* **Max. Fine:** $250,000

Counts #2 through #5:

Kidnapping

Title 18, United States Code, Section 1201(a)(1)

* **Max. Term of Imprisonment:** Life
* **Max. Supervised Release:** 5 years
* **Max. Fine:** $250,000

Count #6:

Stalking

Title 18, United States Code, Section 2261A(1)(A)

* **Max. Term of Imprisonment:** 5 years
* **Max. Supervised Release:** 3 years
* **Max. Fine:** $250,000

[This Space Intentionally Left Blank]

**Defendant's Name:**   Luu Nguyen Dieu Hong

**Case No:**   22-CR-20488-MARTINEZ(s)

Count #7:

Possession of a Firearm in Furtherance of a Crime of Violence

Title 18, United States Code, Section 924(c)(1)(A)(i)

* **Min. Term of Imprisonment:** 5 years
* **Max. Term of Imprisonment:** Life
* **Max. Supervised Release:** 5 years
* **Max. Fine:** $250,000

*Refers only to possible term of incarceration, supervised release and fines.  It does not include restitution, special assessments, parole terms, or forfeitures that may be applicable.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

## PENALTY SHEET

**Defendant's Name:** Joseph Christopher Ricard

**Case No:** 22-CR-20488-MARTINEZ(s)

Count #1:

Conspiracy to Kidnap

Title 18, United States Code, Section 1201(c)

* **Max. Term of Imprisonment:** Life
* **Max. Supervised Release:** 5 years
* **Max. Fine:** $250,000

Counts #2 through #5:

Kidnapping

Title 18, United States Code, Section 1201(a)(1)

* **Max. Term of Imprisonment:** Life
* **Max. Supervised Release:** 5 years
* **Max. Fine:** $250,000

Count #6:

Stalking

Title 18, United States Code, Section 2261A(1)(A)

* **Max. Term of Imprisonment:** 5 years
* **Max. Supervised Release:** 3 years
* **Max. Fine:** $250,000

[This Space Intentionally Left Blank]

Defendant's Name:   Joseph Christopher Ricard

Case No:   22-CR-20488-MARTINEZ(s)

Count #7:

Possession of a Firearm in Furtherance of a Crime of Violence

Title 18, United States Code, Section 924(c)(1)(A)(i)

* **Min. Term of Imprisonment:** 5 years
* **Max. Term of Imprisonment:** Life
* **Max. Supervised Release:** 5 years
* **Max. Fine:** $250,000

**\*Refers only to possible term of incarceration, supervised release and fines.   It does not include restitution, special assessments, parole terms, or forfeitures that may be applicable.**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

PENALTY SHEET

Defendant's Name: Trang Nguyen

Case No: 22-CR-20488-MARTINEZ(s)

Count #1:

Conspiracy to Kidnap

Title 18, United States Code, Section 1201(c)

* Max. Term of Imprisonment: Life
* Max. Supervised Release: 5 years
* Max. Fine: $250,000

Counts #2 through #5:

Kidnapping

Title 18, United States Code, Section 1201(a)(1)

* Max. Term of Imprisonment: Life
* Max. Supervised Release: 5 years
* Max. Fine: $250,000

Count #6:

Stalking

Title 18, United States Code, Section 2261A(1)(A)

* Max. Term of Imprisonment: 5 years
* Max. Supervised Release: 3 years
* Max. Fine: $250,000

[This Space Intentionally Left Blank]

**Defendant's Name**:  Trang Nguyen

**Case No**:  22-CR-20488-MARTINEZ(s)

Count #7:

Possession of a Firearm in Furtherance of a Crime of Violence

Title 18, United States Code, Section 924(c)(1)(A)(i)

* **Min. Term of Imprisonment:** 5 years
* **Max. Term of Imprisonment:** Life
* **Max. Supervised Release:** 5 years
* **Max. Fine:** $250,000

*Refers only to possible term of incarceration, supervised release and fines.  It does not include restitution, special assessments, parole terms, or forfeitures that may be applicable.